Douglas C. Erickson, 012130
derickson@mmcec.com
Daniel D. Maynard, No. 009211
dmaynard@mmcec.com
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meschkow & Gresham, P.L.C., | No. CV-09-02238-PHX-SRB |
| Plaintiff, | |
| v. | **DAN MONAGHAN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Franchise Capital Corporation, *et al.*, | |
| Defendants. | |
| Franchise Capital Corporation, a foreign corporation, | |
| Counterclaimant and Third-Party Plaintiff, | |
| v. | |
| Meschkow & Gresham, P.L.C., an Arizona professional limited liability company; Jordan M. Meschkow and Susan G. Meschkow, husband and wife, | |
| Counterdefendant and Third-Party Defendants. | |

Defendant Dan Monaghan respectfully moves this Court to dismiss the Second Amended Complaint, pursuant to Rules 12(b)(2) and 12(b)(5), Federal Rules of Civil Procedure. This motion is supported by the following memorandum of points and authorities, and the Court's record, which are incorporated herein.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.  Introduction**

This lawsuit is purportedly one to recover unpaid legal fees from Franchise Capital Corporation ("Franchise Capital").  Yet, Plaintiff continues in its efforts to draw in other, even unrelated and non-existent, companies and individuals.  In naming Mr. Monaghan again, as this Court has previously noted, Plaintiff violated its prior ruling.  ("The Amended Complaint still contains allegations related to Defendant Dan Monaghan, ***in contravention of this Court's Order***."  Dkt. No. 67, 2:5-7 (emphasis added).).

### **II.  Insufficient Service**

Plaintiff attempted to serve Mr. Monaghan by leaving a copy of the Second Amended Complaint with his fifteen year old son, living at the house of Mr. Monaghan's ex-wife.  Mr. Monaghan himself has not lived at the address for years.  *See* Exhibit A, paras. 6-7.  This is plainly insufficient, and the service should be quashed, if dismissal is denied.  *See* Rule 4(e) and (f), Federal Rules of Civil Procedure.

### **III.  No Personal Jurisdiction**

The Court has already ruled on this question.  It found that it has no personal jurisdiction over Mr. Monaghan and other individuals.  Only if the Court reconsiders its original decision, which it was never asked to do, need it decide this question again.  The basic facts have not changed.  *See* Exhibit A, paras. 2-5.

Plaintiff must prove jurisdiction.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).  The forum state's long-arm jurisdiction statute must confer personal jurisdiction, and there must be sufficient contacts with the forum state to make the exercise of personal jurisdiction reasonable.  *Fields*, 796 F.2d at 301.  The Court may assume the truth of allegations in a complaint *unless* they are contradicted by the defendants.  In the context of a motion to dismiss for lack of personal jurisdiction, the plaintiff cannot rest on its allegations, but is "obligated to come

1 forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

Plaintiff must show that the Court has personal jurisdiction over Mr. Monaghan. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Of the two types of personal jurisdiction, general and specific, neither exists here. General personal jurisdiction may be found if a defendant has "substantial" or "continuous and systematic" contacts with Arizona. *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Specific personal jurisdiction *may* exist where (1) the defendant has purposefully directed activities or consummated a transaction with the forum or performed some act by which he purposefully availed himself of the privilege of conducting business in the forum, (2) the claim arises out of the defendant's forum-based activities, and (3) the exercise of jurisdiction would be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. Cal. 1993). Plaintiff cannot meet the applicable tests with respect to Mr. Monaghan.

> Where the defendant has not had continuous and systematic contacts with the state sufficient to subject him or her to general jurisdiction, the following three-part test is applied to determine whether the defendant has "minimum contacts" with the forum:
>
> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Core-Vent Corp.*, 11 F.3d at 1485.

Mr. Monaghan has not "purposefully avail[ed] himself of the privilege of conducting activities" in Arizona. Any and all acts alleged by Plaintiff were acts to facilitate *the company*

conducting activities in the state, but not Mr. Monaghan personally. This scenario is in sharp contrast to *Forsythe v. Overmyer*, 576 F.2d 779 (9th Cir. 1978), for example, where the corporate owner and officer *personally* guaranteed an obligation of his company that was expressly subject to California law and jurisdiction of the California courts. *Forsythe*, 576 F.2d at 783. There is no similar *personal* involvement of Mr. Monaghan here. Therefore, Plaintiff's Second Amended Complaint fails the first prong of the Ninth Circuit test.

Nor is the third prong satisfied in that the exercise of jurisdiction over Mr. Monaghan would not "comport with fair play and substantial justice." In other words, it would not be reasonable. The "fair play and substantial justice" concepts are those announced in *International Shoe*. To assess reasonableness, the Court must evaluate:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs;
>
> (2) the burden on the defendant of defending in the forum;
>
> (3) the extent of conflict with the sovereignty of the defendants' state;
>
> (4) the forum state's interest in adjudicating the dispute;
>
> (5) the most efficient judicial resolution of the controversy;
>
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
>
> (7) the existence of an alternative forum.

*Core-Vent Corp.*, 11 F.3d at 1487-88. "No one factor is dispositive; a court must balance all seven." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). First, it should be noted that Mr. Monaghan did not purposefully interject himself into the forum at all. The only acts alleged to have occurred are limited communications made on behalf of Franchise Capital. "'[T]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise.'" *Core-Vent Corp.*, 11 F.3d at 1488 (citation omitted).

- 4 -

Second, the burden on Mr. Monaghan would be substantial in defending an action in Arizona. Because he has no presence in Arizona and does not even reside in the United States, the expense and inconvenience of defending the action would be significant. Third, the sovereignty consideration is a significant factor in that Mr. Monaghan is a resident of a foreign country, not just a different state.

Fourth, it is likely that Canada and Arizona have equal interests in the adjudication of the dispute. Fifth, Arizona is not the most efficient forum for judicial resolution of these claims even if they could be maintained against Mr. Monaghan. Many of Plaintiff's grievances stem from actions allegedly occurring in Canada. Therefore, it is likely that relevant witnesses and evidence are located in Canada and conducting discovery as well as potentially litigating any viable causes of action may be more convenient in Canada than here.

Regardless of the test employed, Plaintiff cannot meet any threshold for proving personal jurisdiction over Mr. Monaghan.

## IV.   Conclusion

For all the foregoing reasons, the Second Amended Complaint should be dismissed as to Dan Monaghan. Because the Court has previously ruled on this subject, Plaintiff should be ordered to pay the attorneys' fees and costs associated with having to file this motion.

RESPECTFULLY SUBMITTED this 6th day of October, 2010.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Daniel D. Maynard
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for Defendants

**ORIGINAL** of the foregoing e-filed this 6th day of October, 2010, with:

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 W. Washington
Phoenix, AZ  85003

**COPY** of the foregoing delivered via ECF this 6th day of October, 2010, to:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 W. Washington, SPC 50
Phoenix, AZ 85003-2153

Thomas S. Moring, Esq.
Pak & Moring PLC
8930 E. Raintree Dr., Suite 100
Scottsdale, AZ 85260-0001
Attorneys for Plaintiff

By  /s/Stacey Tanner